**Phyllis Harrow SCHMIDT**

v.

**The UNITED STATES.**

**No. 661–82T.**

United States Claims Court.

March 30, 1984.

---

Phyllis Harrow Schmidt, pro se.

Stella A. Gieseler, Washington, D.C., with whom was Asst. Atty. Gen., Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION

MARGOLIS, Judge.

Plaintiff, Phyllis Harrow Schmidt, brings this tax refund suit *pro se* seeking a refund of $6,346.91 [1] in taxes, interest, and a negligence penalty she paid on a 1977 tax year deficiency. In that year, she and her then husband, Alfred I. Schmidt, sold two parcels of jointly owned real estate at a recognizable net capital gain of $23,427. The Schmidts did not report the gain on their 1977 joint tax return. After an audit and assessment, plaintiff paid the amount she seeks here. Plaintiff claims that she should be relieved of liability under the so-called innocent spouse rule of section 6013(e) of the Internal Revenue Code [2]. The defendant United States has moved for summary judgment, contending that plaintiff does not qualify for relief under section 6013(e). This Court finds for the defendant.

## FACTS

Plaintiff's twenty-nine year marriage to Alfred Schmidt was dissolved in calendar year 1978. During calendar year 1977, the Schmidts sold two parcels of real estate, the gain from which gives rise to the tax deficiency that is the subject of this suit.

On January 10, 1977, the Schmidts sold jointly owned property located at 3031 Kallin Avenue, Long Beach, California (the Kallin Property) for $58,500. This property, purchased in 1954, had been the Schmidts' personal residence until they moved to 102 Santa Ana Avenue, also in Long Beach (the Santa Ana Property). The Kallin Property was then temporarily converted to rental property. Both the plaintiff and Alfred Schmidt executed the

1. Plaintiff's complaint sought unspecified damages of $50,000. To the extent she is seeking damages in excess of the amount that she paid for tax, interest and penalties, the claim is unsubstantiated on both jurisdictional and substantive grounds.

2. All statutory references are to the Internal Revenue Code of 1954, 26 U.S.C., as amended.

notarized grant deed conveying this property. The Internal Revenue Service (IRS) computed the recognizable net capital gain from the sale of the Kallin Property to be $3,253, attributable equally to plaintiff and Alfred Schmidt.

Plaintiff, a college graduate, testified[3] that the proceeds from the sale of the Kallin Property were used to acquire the Santa Ana Property. The Santa Ana Property, however, was purchased some fifteen months before the Kallin Property was sold. Although unsure of the exact mechanics of the transaction, plaintiff explained that the Kallin Property was borrowed on or somehow used to enable the Schmidts to move into the Santa Ana Property before they were able to sell the Kallin Property. Plaintiff was certain that the Schmidts could not have purchased the Santa Ana Property without using their equity investment in the Kallin Property.

On September 8, 1977, plaintiff and Alfred Schmidt sold the Santa Ana Property. Both plaintiff and Alfred executed the notarized grant deed which conveyed this property. The Schmidts had used one half of this property as their personal residence and rented the other half. The gross selling price was $162,000; one half of the net proceeds was issued directly to plaintiff and the second half directly to Alfred. The IRS computed the recognizable net capital gain from the sale of the rental portion of this property to be $14,730. Plaintiff and Alfred used part of their respective shares of the net sales proceeds to purchase separate properties. Because the cost of plaintiff's new residence was less than her share of the adjusted sales price of the residential portion of the Santa Ana Property, plaintiff's gain from the sale of the residential portion was only partially deferred. 26 U.S.C. § 1034(a). The IRS determined that plaintiff had a recognizable net capital gain of $5,444. Since the cost of Alfred's new residence exceeded his share of the adjusted sales price of the residential portion of the Santa Ana Property, Alfred's gain from the sale was deferred in full. *Id.*

In sum, the recognizable net capital gain from the sales attributable to plaintiff and Alfred Schmidt was as follows:

| Property | Plaintiff | A. Schmidt | Total |
|---|---|---|---|
| Kallin Avenue | $ 1,626.50 | $1,626.50 | $ 3,253 |
| Santa Ana Avenue | | | |
| Personal Portion | 5,444.00 | –0– | 5,444 |
| Rental Portion | 7,365.00 | 7,365.00 | 14,730 |
| Total | $14,435.50 | $8,991.50 | $23,427 |

Plaintiff used her share of the proceeds from the sale of the Santa Ana Property to pay a portion of her childrens' college and law school tuitions and to purchase two properties. One property, located on East Third Street in Long Beach, cost $87,000. This property, purchased in September 1977, contained three units; plaintiff used one unit as her personal residence and rented the other two. Plaintiff purchased the other property—a rental also located in Long Beach—in November 1977. Alfred Schmidt quitclaimed his interest in both of these properties.

Plaintiff and Alfred Schmidt reported total income of $46,764 on their 1977 federal income tax return. This income consisted of $46,239 in wages and other compensation ($26,248.50 attributable to Alfred and $19,990.94 attributable to plaintiff) plus $525 in interest income. The gain from the sales was not reported. Plaintiff signed the return but did not review its contents.

After an IRS examination, plaintiff and Alfred were assessed $11,470.02 in taxes, interest, and a negligence penalty. Alfred paid one half this amount. Plaintiff subsequently paid the other half and an additional $611.90 in interest for failing to pay timely the assessment. Plaintiff then timely filed her claim with the IRS seeking a refund under the so-called innocent spouse provision of section 6013(e). When that claim was disallowed, plaintiff filed a complaint in this Court.

---

**3.** Plaintiff did not respond to defendant's request for admissions. Ordinarily, this constitutes an admission of all matters for which an admission was requested. RUSCC 36(a). Because plaintiff is appearing *pro se* however, this Court at oral argument gave plaintiff the option of responding in writing or under oath at the argument. Plaintiff chose the latter.

## DISCUSSION

A husband and wife may elect to file a joint tax return for a taxable year. 26 U.S.C. § 6013(a). If a joint return is elected, the tax is computed on the basis of the aggregate income; the liability for that tax is joint and several. 26 U.S.C. § 6013(d)(3).

■ A spouse may be relieved of liability if he or she meets the requirements of the so-called innocent spouse rule, contained in section 6013(e). That section provides:

(e) Spouse Relieved of Liability in Certain Cases.—

(1) In general.—Under regulations prescribed by the Secretary or his delegate, if—

(A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,

(B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,

then the other spouse shall be relieved of liability for tax (including interest, penalties and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.

\* \* \* \* \* \*

All three requirements must be satisfied for plaintiff to qualify under the innocent spouse exception. *Ratana v. Commissioner*, 662 F.2d 220, 224 (4th Cir.1981). Moreover, the plaintiff has the burden of proving that she meets each requirement. *Allen v. Commissioner*, 514 F.2d 908, 912 (5th Cir.1975).

■ The statute relieves a qualifying spouse of liability "to the extent that such [tax] liability is attributable to such omission from income." A spouse is relieved only of the tax liability arising from the omitted income attributable to the other spouse. Thus plaintiff, even if she otherwise qualified, would only be relieved of the tax liability arising from the omitted income attributable to Alfred. The omitted income attributable to Alfred was $8,991.50. However, Alfred paid one half the tax liability due on the entire $23,427. Plaintiff, therefore, cannot obtain relief under section 6013(e) because she is not liable for taxes arising on income attributable to Alfred. Even if plaintiff were liable for taxes on omitted income attributable to Alfred, plaintiff would not qualify for relief. Without need to consider section 6013(e)(1)(A), plaintiff clearly fails to meet the requirements of sections 6013(e)(1)(B) and (C).

### Section 6013(e)(1)(B)

■ To meet this requirement, plaintiff must establish that in signing the 1977 tax return she did not know of, and had no reason to know of, the omitted income. Plaintiff claims that she signed the tax return without reviewing its contents. Failure to review a tax return, standing alone, does not relieve a taxpayer of liability for any subsequent deficiency. *Terzian v. Commissioner*, 72 T.C. 1164, 1170 (1979). Section 6013(e) relieves a spouse who signs a joint tax return of tax liability from income omitted from the joint return and earned by the other spouse without the knowledge of the first spouse. *Ketchum v. Commissioner*, 697 F.2d 466, 467 (2nd Cir.1982). Here, plaintiff admits she knew of the sale of both properties. She further admits to knowing both were sold at a gain. Plaintiff's failure to review her tax return cannot satisfy section 6013(e)(1)(B) when plaintiff knew about the income which was not reported on the return. *Terzian v. Commissioner*, 72 T.C. at 1170–

**28**

71. *See Altman v. Commissioner,* 475 F.2d 876, 880 (2nd Cir.1973).

### Section 6013(e)(1)(C)

█ This condition requires a determination of whether, taking into account all the facts and circumstances, it is inequitable to hold plaintiff liable for the tax deficiency. 26 U.S.C. § 6013(e)(1)(C); Treas.Reg. § 1.6013–5(b). One factor to consider is whether plaintiff significantly benefited, directly or indirectly, from the items omitted from gross income. Treas.Reg. § 1.6013–5(b). Normal support is not a significant benefit. *Id.* However, transfers of property traceable to the omitted income are evidence of benefit. *Id.*

Here, it is not inequitable to hold plaintiff liable for her share of the tax deficiency. Plaintiff significantly benefited from the sales. The Schmidts used the proceeds from the sale of the Kallin Property to acquire the Santa Ana Property. Plaintiff received over $37,000 directly from the sale of the Santa Ana Property. With these proceeds she paid her childrens' college and law school tuitions which, she admits, she had no obligation to pay. Plaintiff also purchased two properties with the proceeds. She acquired both properties solely in her name. Alfred executed a quitclaim deed releasing his interest in both of these properties. Additionally, Alfred paid one half of the tax deficiency. In short, nothing in the record before this Court suggests that it would be inequitable to hold plaintiff liable for the tax deficiency.

Accordingly, the defendant's motion for summary judgment is granted. The Clerk will dismiss the Complaint.